**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-7777**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

HENRY EARL MILLER,

                Defendant - Appellant.

———————

**No. 09-7778**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

HENRY EARL MILLER,

                Defendant - Appellant.

———————

Appeals from the United States District Court for the District of South Carolina, at Greenville. Henry F. Floyd, District Judge. (6:06-cv-00548-HFF)

———————

Submitted: March 16, 2010      Decided: March 17, 2010

———————

Before NIEMEYER, MOTZ, and DAVIS, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

––––––––––––––––

Henry Earl Miller, Appellant Pro Se.  Elizabeth Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

––––––––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In February 2006, Henry Earl Miller filed in the district court a letter challenging his conviction and 300-month sentence imposed following his guilty plea to armed robbery, using and carrying a firearm during a crime of violence, and aiding and abetting in these offenses. The district court properly characterized this letter as a 28 U.S.C.A. § 2255 (West 2006 & Supp. 2009) motion, and ultimately denied relief. Miller has since filed numerous motions in the district court seeking to reinstate his ability to file a § 2255 motion.

In these consolidated appeals, Miller appeals the district court's text orders denying his motions in which he claimed that his Speedy Trial Rights were violated, his plea coerced, his sentence a violation of double jeopardy and racially motivated, and that his February 2006 letter was improperly characterized as a § 2255 motion. He also challenges the district court's dismissal of his motion to have the United States revisit his case.

The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). A prisoner satisfies this standard by demonstrating that

reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Miller has not made the requisite showing. Accordingly, we deny Miller's motions for certificates of appealability and dismiss the appeals. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

4